IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| THOMAS EUGENE GAITHER, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:18-CV-106-D |
| | § | |
| ROCKING T INC OF AMARILLO, TEXAS, | § | |
| SEABOARDS FOODS LLC OF OKLAHOMA, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

On June 7, 2018, plaintiff THOMAS EUGENE GAITHER ("Gaither"), his wife DIANA CEDILLO, and his brother JOHN BROWN, JR., all residents of the State of Texas, filed a complaint alleging various causes of action arising out of a June 9, 2017 incident where Gaither's tractor-trailer caught fire during transportation of a shipment of goods. [ECF 3]. Gaither alleges his employer, defendant ROCKING T, INC. of Amarillo, Texas ("ROCKING T"), and the company that shipped the goods Gaither was transporting, defendant SEABOARDS FOODS, LLC of Oklahoma ("SEABOARDS"), are responsible for the accident and for his subsequent termination from employment. [ECF 3]. Gaither is proceeding *pro se* but not as a pauper, although his brother has assisted Gaither with various court filings.

Gaither served summonses on defendants, which were returned executed on July 30 and 31, 2018. [ECF 8, 9]. On August 1, 2018, defendant SEABOARDS filed a Motion to Dismiss [ECF 10] in lieu of an answer. On August 2, 2018 defendant ROCKING T filed a Motion to Dismiss and Alternative Motion for More Definite Statement, along with an answer to the complaint. [ECF 12, 13]. Gaither, through his brother, filed responses to these motions

[ECF 17, 18, 25]. After a pretrial conference to discuss proposed scheduling orders and the issuance of such order, the Court has not entered any rulings on any motions or dispositive filings. Neither SEABOARD nor ROCKING T have challenged the Court's subject matter jurisdiction within their motions to dismiss; however, the Court's review of Gaither's complaint requires the Court to *sua sponte*, on its own motion, consider this issue.

I.
<u>THE COURT'S LIMITED JURISDICTION</u>

Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto. *See, e.g., Marbury v. Madison*, 1 Cranch (5 U.S.) 137, 173–180, 2 L.Ed. 60 (1803). For that reason, every federal appellate court has a special obligation to "satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review," even though the parties are prepared to concede it. *Mitchell v. Maurer*, 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934). The jurisdiction possessed by federal courts as authorized by Constitution and statute cannot "be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A challenge to a court's subject matter jurisdiction "may be raised by a party, or by a court on its own initiative at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006).

The basic statutory grant of federal-court subject-matter jurisdiction is contained in 28 U.S.C. sections 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction; section 1332 allows for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes section 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United

States. *See Bell v. Hood*, 327 U.S. 678, 681–685 (1946). A plaintiff invokes section 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount in controversy. *See* § 1332(a). The burden of proving that complete diversity exists results upon the party who seeks to invoke the court's diversity jurisdiction. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). Here, Gaither acknowledges that ROCKING T is a citizen of Texas and plaintiffs are also citizens of Texas; therefore, Gaither has not invoked this Court's diversity jurisdiction because parties on both sides of a lawsuit share citizenship. Even though SEABOARDS is a citizen of Oklahoma, diversity is not complete.

A claim invoking federal-question jurisdiction under 28 U.S.C. section 1331 may be dismissed for want of subject-matter jurisdiction if it is not colorable. *Bell*, 327 U.S. at 682–683; *see also Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 89 (1998). The Supreme Court has held that, in order for a claim to arise "under the Constitution, laws or treaties of the United States," "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First National Bank in Meridian*, 299 U.S. 109, 112 (1936). The federal questions "must be disclosed upon the face of the complaint, unaided by the answer." *Id*. at 113. "The complaint itself will not avail as a basis for jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense." *Id*.

II.
LACK OF SUBJECT MATTER JURISDICTION

As stated above, Gaither has not attempted to invoke this Court's limited jurisdiction through the diversity statute. Thus, Gaither (or his co-plaintiffs) must, on the face of their complaint, plead a cause of action that "arises" under federal law to be properly before this Court. The Court considered all of Gaither and his co-plaintiffs claims in the analysis below to determine

if any claims "arise under" federal law. The Court finds Gaither and his co-plaintiffs have failed to invoke this Court's jurisdiction, as all claims arise under common-law and state law principles.

### A.  Standard

Rule 12(h)(3) of the Federal Rules of Civil Procedure states "[i]f the court determines *at any time* that it lacks subject matter jurisdiction, the court must dismiss the action." *See Johnston v. United States*, 85 F.3d 217, 218 n.2 (5th Cir. 1996) (emphasis added) ("Our review is not altered by the fact that the defendants did not move for dismissal based on lack of subject matter jurisdiction because any federal court may raise the issue sua sponte at any time."); *see also Freeman v. Northwest Acceptance Corp.*, 7554 F.2d 553, 555 (5th Cir. 1985) (stating it is the duty of the court to raise the issue of subject matter jurisdiction sua sponte). Notwithstanding the filing of any answer in these cases, the courts found it appropriate to consider their limited jurisdiction on their own motions.

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *John Corp. v. City of Houston*, 214 F.3d 573, 576 (5th Cir. 2000); *Robinson v. TCI/US W. Communications Inc.*, 117 F.3d 900, 904 (5th Cir. 1997). A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on:

"(1) the complaint alone;

(2) the complaint supplemented by undisputed facts; or

(3) the complaint supplement by undisputed facts plus the court's resolution of disputed facts."

*Robinson*, 117 F.3d at 904 (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently

state a basis for subject-matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id.* "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the complaint's allegations and presuming their truth. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F.Supp. 876, 878 (N.D. Tex. 1998) (citations omitted). Regardless of the nature of attack, the party asserting federal jurisdiction continually carries the burden of proof to show it exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction "is not a determination on the merits" and "it does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction," such as the appropriate state court. *Id*. Thus, considering subject matter jurisdiction under Rule 12 before consideration of other motions to dismiss or requests for dismissal "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id*.

B. <u>Analysis of Claims Brought by Plaintiffs</u>

1. *<u>Claims of Co-Plaintiffs</u>*

Although plaintiff JOHN BROWN, JR., appears as a co-plaintiff and as a "personal representative" of Gaither, he has not alleged any independent cause of action separate and apart from the claims pursued by Gaither [ECF 3]. The complaint does not allege DIANA CEDILLO suffered any *injury* (not damages) separate and apart from those allegedly suffered by Gaither [ECF 3]. Plaintiff CEDILLO's claims are based in Texas law and are derivative of the underlying tort claims of her alleged spouse. *Barker v. Halliburton Co.*, 645 F.3d 297, 299 (5th Cir. 2011) (citing *Whittlesey v. Miller*, 572 S.W.2d 665, 667 (Tex. 1978)) (loss of consortium); *City of Denton v. Page*, 683 S.W.2d 180, 206 (Tex. App.—Fort Worth 1985), *aff'd in part, rev'd in part on other grounds*, 701 S.W.2d 831 (Tex. 1986) (loss of household services). All claims

brought by plaintiffs BROWN and CEDILLO are derivative of claims brought by Gaither. As discussed below, Gaither's claims are based on common-law principles and Texas state-law claims; thus, those claims are not within the jurisdiction of the federal courts.

### 2. *Wrongful Termination Following Work-related Injury*

Gaither claims he was fired within two days of the incident where his tractor-trailer caught fire because of his employer's and the shipper's negligence. Gaither claims this termination was an attempt to circumvent their responsibility in his accident. [ECF 3]. Gaither does not raise any federal claims for wrongful termination on the face of his complaint. Rather, Gaither's claims indicate he was terminated in violation of the Texas Labor Code; specifically, that he was terminated for either reporting a nonsubscriber violation or for filing a claim under worker's compensation, or in anticipation of such claims being filed.

### 2. *Violations of State Law: Employer Liability, Negligence and Lack of Notice in Non-Subscriber Cases/Fraud and Damages*

The Fifth Circuit has determined that suits against employers who are nonsubscribers to the Texas worker's compensation system are subject to common-law claims of action. *See Gutierrez v. Excel Corp.*, 78 F.3d 581 (5th Cir. 1996). Further, because the Fifth Circuit has held that employee negligence claims against his nonsubscriber employer based on the employer's independent duty to maintain a safe workplace are not preempted by ERISA or federal statute; there is no removal jurisdiction for these common-law claims to federal court. *Hook v. Morrison Milling Co.*, 38 F.3d 776 (5th Cir. 1994). Texas remains an "opt-out" state under the worker's compensation scheme, that is, an employer may choose to not provide workers compensation. However, such an election subjects the employer to common-law negligence actions by an employee. Tex. Labor Code § 406.033.

Gaither's claims against ROCKING T and SEABOARDS for employer liability (claim #1)

and negligence (claim #2) arise under this theory of law, as codified by Texas state statutes and court decisions. Gaither's argument that ROCKING T failed to provide proper notice, and thus committed fraud against Gaither (claim # 4), is also subject to the Texas Labor Code provisions, not federal law. Gaither's claims for damages (claim # 5 and # 6) relate back to his negligence, fraud/notice, and wrongful termination claims. As the Court has determined, these claims are all state court claims.

## V.
## RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the complaint [ECF 3] filed by plaintiffs be DISMISSED without prejudice for lack of subject matter jurisdiction.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 2, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the**

**fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).